UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CECILLIA HICKS, | : | Case No. 3:09-cv-452 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc.
13) IN ITS ENTIRETY; (2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc.
15); (3) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF
WAS NOT DISABLED; AND (4) TERMINATING THIS CASE**

Plaintiff, Cecillia Hicks, brought this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the decision of the Defendant Commissioner of Social Security denying

her application for disability insurance benefits.

On October 4, 2010, United States Magistrate Judge Michael R. Merz entered a

Report and Recommendations (Doc. 13) recommending that the Commissioner's non-

disability determination be affirmed and this case be terminated. Plaintiff filed

Objections to the Report and Recommendations of the Magistrate Judge on October 22,

2010. (Doc. 15). Defendant filed no response to Plaintiff's Objections and the time for

doing so has expired. The case is now ripe for decision.

This Court's function is to determine whether the record as a whole contains

substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478

F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ

applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id*. (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

Here, Plaintiff's two objections focus on the ALJ's reliance on the absence of objective medical evidence to: (1) discount the opinions of Plaintiff's treating doctors, Dr. Oza and Dr. Hibler; and (2) to discount her subjective complaints of pain. Plaintiff apparently contends that the lack of objective medical evidence was the ALJ's sole basis for conclusions in both regards, and because Plaintiff was diagnosed with fibromyalgia, the lack of objective evidence is an inappropriate consideration. In support of her position, Plaintiff cites the opinion of *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007).

In *Rogers*, the Sixth Circuit noted that "fibromyalgia can be a severe impairment that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Id*. at 243. Instead, patients suffering from fibromyaliga "'manifest normal muscle strength and neurological reactions and have a full range of motion." *Id*. Accordingly, "opinions that focus solely upon objective evidence are not particularly relevant" in cases involving fibromyalgia. *Id*. at 245.

Here, unlike the case of *Rogers*, the ALJ <u>accepted</u> Plaintiff's diagnosis of fibromyalgia, and, in fact, considered her fibromyalgia as a severe impairment. (Tr. 24). Thus, *Rogers* is distinguishable in this significant respect. *See Woodard v. Comm'r of Soc. Sec.*, No. 3:07-1162, 2009 WL 2065781, at *6 (M.D. Tenn. Jul. 10, 2009) (finding *Rogers* distinguishable "in one significant respect" because "unlike in *Rogers*, the ALJ identified fibromyalgia as a severe impairment").

Also, simply because Plaintiff has been diagnosed with fibromyalgia does not, in and of itself, support a claim of disability. As held by the Sixth Circuit, "a diagnosis of fibromyalgia does not automatically entitle [a claimant] to disability benefits[.]" *Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 806 (6th Cir. 2008). In fact, "[s]ome people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [claimant] is one of the minority"). *Id*. (citing *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996)).

Further, contrary to Plaintiff's apparent contention, the ALJ's conclusion affording less than controlling or deferential weight to her treating doctors' opinions was not based <u>solely</u> on a lack of objective medical evidence. Instead, the ALJ noted that the residual functional capacity ("RFC") forms completed by her treating doctors lacked any "explanation for marked constriction of her activities[,]" *i.e.*, were conclusory, and were

-3-

unsupported by any "treatment records." (Tr. 27-28). A review of the RFC forms completed by the treating doctors reveals only a series of marks on pre-printed forms. The completed forms wholly lack any explanation for the opinions expressed, despite specifically marked boxes for making comments. (Tr. 298, 442).

Also, with regard to Dr. Oza's treatment of Plaintiff, the ALJ noted that Plaintiff saw Dr. Oza "rather infrequently, about once every three months according to her own testimony, and treatment appears to consist mainly of filling prescriptions of medication for her." (Tr. 27). Plaintiff ascribes no error to the ALJ's finding in this regard.

Thus, the lack of regular consultation with her treating physicians, combined with unexplained opinions and the otherwise lack of remarkable medical findings in the treatment notes, led the ALJ to the conclusion that the opinions of the treating doctors were based solely upon "subjective complaints of the claimant." (Tr. 27). Plaintiff asserts no error in the ALJ's conclusion that the treating doctors relied heavily, if not exclusively, on Plaintiff's subjective complaints of pain.

With regard to Plaintiff's subjective complaints of pain, the ALJ determined that Plaintiff was less than credible, and again, contrary to Plaintiff's contention, such a finding was not based solely on the lack of objective findings. While the ALJ concluded that Plaintiff's allegations of subjective complaints were exaggerated "in view of the rather unremarkable medical findings[,]" the ALJ also noted that Plaintiff "does not see her regular treating physician often" despite her severe subjective complaints, and that "[a]t the hearing, she gave the clear impression that she was exaggerating." (Tr. 28).

Dr. Danopulos, an examining doctor, also noted that during his examination of Plaintiff, she was not fully cooperative. (Tr. 458). Accordingly, the ALJ set forth sufficient findings beyond the lack of objective medical evidence for discounting Plaintiff's subjective complaints of pain.

In other words, the ALJ's decision to not afford controlling or deferential weight to her treating doctors, nor to accept her subjective complaints of pain, was not based solely on the absence of objective medical evidence. Instead, the ALJ's decision was also based on the doctors' failure to explain their restrictive conclusory opinions, the lack of any medical findings in their treatment notes to support such extreme restrictions, and the fact that such opinions were based entirely on Plaintiff's less than credible subjective complaints.

Accordingly, based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 13), as well as upon a *de novo* review of this matter, the Court adopts the aforesaid Report and Recommendations in its entirety.

Accordingly, the Court hereby **ORDERS**: (1) that the Report and Recommendations of the Magistrate Judge (Doc. 13) be and is **ADOPTED** in its entirety; (2) that Plaintiff's Objections (Doc. 15) be and are **OVERRULED**; (3) that the ALJ's non-disability finding be and is **AFFIRMED**; and (4) that this case is **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**IT IS SO ORDERED**.

Date: __1/10/11__

Timothy S. Black
Timothy S. Black
United States District Judge